MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MARIA DELCID ORELLANA, *individually*
*and on behalf of others similarly situated,*

                    *Plaintiff*,

            -against-

JAFET TILE MARBLE CORP. (d/b/a JAFET
TILE), FORMIA MARBLE STONE INC
(d/b/a FORMIA MARBLE AND STONE).,  ,
JAFET MILBER MARTINEZ, and FILIPPO
BERTA,

                    *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Maria Delcid Orellana ("Plaintiff Delcid" or "Ms. Delcid"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace Esq., upon her knowledge and belief, and as against Jafet Tile Marble Corp. (d/b/a Jafet Tile), Formia Marble Stone Inc. (d/b/a Formia Marble and Stone), ("Defendant Corporations"), Jafet Milber Martinez and Filippo Berta, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Delcid is a former employee of Defendants Jafet Tile Marble Corp. (d/b/a Jafet Tile), Formia Marble Stone Inc. (d/b/a Formia Marble and Stone), Jafet Milber Martinez, and Filippo Berta.

2. Defendant Jafet Milber Martinez owns, operates, or controls a tile installation subcontractor, under the name "Jafet Tile Marble Corp". (d/b/a Jafet Tile), whose principal office is located at 143-09 101st Avenue, Jamaica, New York 11435.

3. The source of Jafet Tile's installation work is Formia Marble stone inc. (d/b/a Formia Marble and Stone), located at 219 E 11TH Avenue, Roselle, New Jersey 07203.

4. In fact, Formia Marble Stone inc. not only provides Jafet Tile Marble Corp. with all the materials to complete the projects, but it also closely manages the work Jafet tile Marble corp. employees perform at each project.

5. Upon information and belief, individual Defendants Jafet Milber Martinez and Filippo Berta, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction worker Corporations as a joint or unified enterprise.

6. Plaintiff Delcid was employed as a construction worker at projects in Manhattan, Queens, and Brooklyn. However, most projects she worked in were located in Manhattan.

7. Specifically from approximately 2021 until on or about 2023, Plaintiff Delcid worked in a project located at 10 E. 29th Street in Manhattan (the 29th street project), from approximately 2023 until on or about 2024 she worked at 253 W. 71st Street in Manhattan (the 71st Street project), and from approximately 2023 until on or about 2024 she worked on the night shift at 5 Penn Plaza in Manhattan(west 33rd street project).

8. At all times relevant to this Complaint, Plaintiff Delcid worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that she worked each week.

9. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Delcid appropriately for any hours worked in a week.

10. In addition, Defendants repeatedly failed to pay Plaintiff Delcid wages on a timely basis.

11. Defendants' conduct extended beyond Plaintiff Delcid to all other similarly situated employees.

12. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Delcid and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13. Plaintiff Delcid now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14. Plaintiff Delcid seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Delcid's state law claims under 28 U.S.C. § 1367(a).

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a construction worker company located in this district. Further, Plaintiff Delcid was employed by Defendants in this district.

## PARTIES

*Plaintiff*

17. Plaintiff Maria Delcid Orellana ("Plaintiff Delcid" or "Ms. Delcid") is an adult individual residing in Bronx County, New York. Plaintiff Delcid was employed by Defendants at "Jafet Tile Marble Corp. from approximately August 2021 until on or about July 2024.

18. Plaintiff Delcid consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. At all relevant times, Defendants own, operate, or control a Tile installation subcontractor, located at 143-09 101st Avenue, Jamaica, New York 11435 under the name "JAFET TILE MARBLE CORP. (d/b/a Jafet Tile), and perform all their work for Formia Marble stone inc. (d/b/a Formia Marble and Stone) located at 219 E. 11th Ave., Roselle, New Jersey, 07203 .

20. Upon information and belief, Jafet Tile Marble Corp. (d/b/a Jafet Tile) is a domestic Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 143-09 101st Avenue, Jamaica, New York 11435.

21. Upon information and belief, Formia Marble stone inc. (d/b/a Formia Marble and Stone) is a domestic Corporation organized and existing under the laws of the State of New Jersey . Upon information and belief, it maintains its principal place of business at 219 E. 11th Ave., Roselle, New Jersey, 07203 .

22. Defendant Jafet Milber Martinez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jafet Milber Martinez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jafet Milber Martinez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Delcid, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Filippo Berta is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Filippo Berta is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Filippo Berta possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

24. Defendants operate a tile installation subcontractor whose main office is located in Queens county, New York, but it performed most of its tile installation work in New York city.

25. Individual Defendants, Jafet Milber Martinez and Filippo Berta, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Delcid's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Delcid, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Delcid (and all similarly situated employees) and are Plaintiff Delcid's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Delcid and/or similarly situated individuals.

30. Upon information and belief, Individual Defendants Jafet Milber Martinez and Filippo Berta operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) Failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) Defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) Transferring assets and debts freely as between all Defendants,

   d) Operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e) Operating Defendant Corporations for their own benefit and maintaining control over these Corporations as closed Corporations,

   f) Intermingling assets and debts of their own with Defendant Corporations,

   g) Diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Delcid's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Delcid, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Delcid's services.

32. In each year from 2021 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction worker Corporations on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Delcid is a former employee of Defendants who was employed as a construction worker.

35. Plaintiff Delcid seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria Delcid Orellana*

36. Plaintiff Delcid was employed by Defendants from approximately August 2021 until on or about July 2024.

37. Defendants employed Plaintiff Delcid as a construction worker.

38. Plaintiff Delcid regularly handled goods in interstate commerce, such as construction worker materials and other supplies produced outside the State of New York.

39. Plaintiff Delcid's work duties required neither discretion nor independent judgment.

40. Throughout her employment with Defendants, Plaintiff Delcid regularly worked in excess of 40 hours per week.

41. From approximately August 2021 until on or about January 2023, Plaintiff Delcid worked on the 29th Street project from approximately 7:00 a.m. until on or about 5:40 p.m. Mondays through Fridays (typically 53.33 hours per week).

42. From approximately February 2023 until on or about July 2024, Plaintiff Delcid worked on the 71st Street project from approximately 8:00 a.m. until on or about 4:30 p.m. Mondays through Fridays (typically 42.5 hours per week).

43. However, on November 2023 and January 2024, Plaintiff Delcid worked at the 33rd Street project from approximately 8:00 a.m. until on or about 11:00 p.m. Mondays through Fridays and from approximately 6:30 a.m. until on or about 7:00 p.m. on Saturdays (typically 87.5 hours per week).

44. Throughout these years of work, Defendants also required Plaintiff Delcid to work on and off on projects in Brooklyn (1490 E. 7th St. and 2085 Ocean Parkway).

45. Throughout her employment, Defendants paid Plaintiff Delcid her wages in cash.

46. From approximately August 2021 until on or about June 2023, Defendants paid Plaintiff Delcid a fixed salary of $600.00 per week.

47. From approximately July 2023 until on or about July 2024, Defendants paid Plaintiff Delcid a fixed salary of $800.00 per week.

48. Plaintiff Delcid's pay did not vary even when she was required to stay late or work a longer day than her usual schedule.

49. In fact, throughout most of her employment with defendants, Plaintiff delcid worked an extra three to four hours past her departure time one or two days a week, and was not compensated for the additional time she worked.

50. Defendants paid Plaintiff Delcid her wages every three weeks and in many occasions defendants did not pay Plaintiff Delcid any wages for her work.

51. Specifically, For approximately seven weeks from 2023 to 2024, Defendants did not pay Plaintiff Delcid any wages for her work; thus, at present Defendants owe Plaintiff Delcid approximately $6000.

52. On the 29th Street and 71st Street projects, Plaintiff Delcid was only required to sign her name into a book at the beginning of her shift, while on the 33rd street project, she was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

53. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Delcid regarding overtime and wages under the FLSA and NYLL.

54. Defendants did not provide Plaintiff Delcid an accurate statement of wages, as required by NYLL 195(3).

55. Defendants did not give any notice to Plaintiff Delcid, in English and in Spanish (Plaintiff Delcid's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56. Defendants required Plaintiff Delcid to purchase "tools of the trade" with her own funds- including 1 box of Blades each month, 1 or 2 knives per year, 3 sponges per month, 12 brushes and 2 rolls of blue tape per week.

*Defendants' General Employment Practices*

57. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Delcid (and all similarly situated employees) to work in excess of 40 hours a

week without paying him appropriate minimum wage or overtime compensation as required by federal and state laws.

58. Plaintiff Delcid was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

59. Defendants' pay practices resulted in Plaintiff Delcid not receiving payment for all her hours worked, and resulted in Plaintiff Delcid's effective rate of pay falling below the required minimum wage rate.

60. Defendants habitually required Plaintiff Delcid to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

61. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

62. Defendants paid Plaintiff Delcid her wages in cash.

63. Defendants failed to pay Plaintiff Delcid's wages on a timely basis; specifically, Defendants only paid Plaintiff Delcid every three weeks and in seven occasions, they did not pay her at all.

64. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Delcid (and similarly situated individuals) worked, and to avoid paying Plaintiff Delcid properly for her full hours worked.

66. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Delcid and other similarly situated former workers.

68. Defendants failed to provide Plaintiff Delcid and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69. Defendants failed to provide Plaintiff Delcid and other employees, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

70. Plaintiff Delcid brings her FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

71. At all relevant times, Plaintiff Delcid and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

72. The claims of Plaintiff Delcid stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

73. Plaintiff Delcid repeats and realleges all paragraphs above as though fully set forth herein.

74. At all times relevant to this action, Defendants were Plaintiff Delcid's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

75. Defendants had the power to hire and fire Plaintiff Delcid(and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

76. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78. Defendants failed to pay Plaintiff Delcid(and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79. Defendants' failure to pay Plaintiff Delcid(and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiff Delcid(and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

81. Plaintiff Delcid repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff Delcid's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Delcid (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

83. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

84. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

85. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Delcid (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86. Defendants' failure to pay Plaintiff Delcid (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87. Plaintiff Delcid (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

208. Plaintiff Delcid repeats and realleges all paragraphs above as though fully set forth herein.

209. At all times relevant to this action, Defendants were Plaintiff Delcid's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Delcid(and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

210. Defendants, in violation of the NYLL, paid Plaintiff Delcid (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

211. Defendants' failure to pay Plaintiff Delcid(and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

212. Plaintiff Delcid(and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

88.     Plaintiff Delcid repeats and realleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff Delcid's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Delcid, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

90.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Delcid overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.     Defendants' failure to pay Plaintiff Delcid overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92.     Plaintiff Delcid was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

93.     Plaintiff Delcid repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants failed to provide Plaintiff Delcid with a written notice, in English and in Spanish (Plaintiff Delcid's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95. Defendants are liable to Plaintiff Delcid in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

96. Plaintiff Delcid repeats and realleges all paragraphs above as though fully set forth herein.

97. With each payment of wages, Defendants failed to provide Plaintiff Delcid with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98. Defendants are liable to Plaintiff Delcid in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE TIMELY PAYMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

99. Plaintiff Delcid repeats and realleges all paragraphs above as though set forth fully herein.
100. Defendants did not pay Plaintiff Delcid on a regular weekly basis, in violation of NYLL §191.
101. Defendants are liable to Plaintiff Delcid in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Delcid respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Delcidand the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Delcid and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Delcid's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Delcid and the FLSA Class members;

(f) Awarding Plaintiff Delcid and the FLSA Class members damages for the amount of unpaid minimum and overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Delcid and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Delcidand the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Delcid;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Delcid's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Delcid;

(l)

(m) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Delcid;

(n) Awarding Plaintiff Delcid damages for the amount of unpaid minimum and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(o) Awarding Plaintiff Delcid damages for Defendants' violation of the NYLL timeliness, notice and recordkeeping provisions, pursuant to NYLL §§191, 198(1-b), 198(1-d);

(p) Awarding Plaintiff Delcid liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q) Awarding Plaintiff Delcid and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Delcid and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Delcid demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
April 3, 2025

MICHAEL FAILLACE ESQ.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*